CAREY v. BALDWIN et al.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

1. SALE—QUESTIONS FOR JURY.

In an action to recover for hay sold and delivered, where the defendants refused to receive the hay on the ground that it did not correspond with the quality agreed on, the question of what the agreement was as to quality, and whether the hay delivered corresponded therewith, is for the jury.

2. REFUSAL TO RECEIVE—SALE BY CARRIER.

Where, on refusal to accept, the railroad company sold it for transportation charges, the price for which the company sold it is immaterial, since, if the hay was up to the quality agreed on, defendants should have received it, and, if not, they are not liable.

3. COUNTERCLAIM.

Under Code Civ. Proc. § 501, defining a "counterclaim" to be a cause of action in favor of the defendant or one or more defendants, between whom and the plaintiff a separate judgment may be had in the action, two of three defendants, sued jointly, cannot set up a counterclaim in favor of themselves.

Appeal from trial term, St. Lawrence county.

Action by William Carey against Henry K. Baldwin and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

A. X. Parker, for appellants.

R. M. Moore, for respondent.

LANDON, J. Appeal by defendants from judgment for the purchase price of two car loads of hay. The plaintiff agreed to sell and deliver to the defendants at Potsdam three car loads of timothy hay, at $15 per ton. Either nothing was said about its quality, or it was agreed that it should be No. 1 old timothy hay, or choice old hay. Defendants received the first car load, and paid for it. The two other car loads were sent to defendants, but they refused to receive them, alleging that the hay was not of the quality ordered. The railroad company finally sold the hay for its charges. The trial court left it to the jury to find what the agreement was as to quality, and then whether the hay corresponded with the quality agreed upon. The case was for the jury, and was fairly submitted. Defendants tried to prove what the railroad company sold the hay for, and the court would not permit it. If the defendants ought to have received the hay, then the plaintiff is not answerable for the railroad company's sale of it.

The defendants were three partners. After these transactions, one partner sold out to the others, and sold to them his share of the partners' claim for damages against the plaintiff because of the inferiority of the first car load of hay, which the defendants had paid for. The two partners, by their separate answer, counterclaim for such damages, and the court held they could not do so. As the action was against the defendants jointly, the counterclaim must be in favor of all the defendants. Code, § 501.

Judgment affirmed, with costs. All concur.